# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 30206697DI |
| v. | ) | |
| | ) | |
| JONATHAN M. WONNUM | ) | |
| | ) | |
| Defendant | ) | |

Submitted: April 4, 2014
Decided:  July 3, 2014

Upon Defendant's Second Motion for Postconviction Relief.
**DENIED.**

## **ORDER**

Scott D. Goodwin, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jonathan M. Wonnum, Smyrna, Delaware, *pro se*.

COOCH, R.J.

This 3rd day of July 2014, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

1.    Defendant Jonathan M. Wonnum ("Defendant") filed this Second Motion for Postconviction Relief based on his apparent belief that his trial counsel was ineffective during his plea negotiation process and that he was wrongly denied counsel during his subsequent postconviction proceedings.  He asks the Court to revisit his plea negotiations as well as his First Motion for Postconviction Relief addressing same.[1]

---

[1] Def.'s Mot. for Postconviction Relief.

2.     Defendant's first trial for First Degree Murder and Possession of a Deadly Weapon During the Commission of a Felony ended in a mistrial on the murder charge. The jury convicted Defendant on the weapon charge but deadlocked eleven to one in favor of conviction as to the murder.[2]

3.     On August 9, 1993, the morning of Defendant's retrial, Defendant pleaded guilty to First Degree Murder. As a result of the plea, the State set aside the verdict on the weapon charge.[3] The Court conducted a thorough plea colloquy and was satisfied that the guilty plea was "knowingly, voluntarily and intelligently offered."[4]

4.     Before his sentencing, Defendant submitted a *pro se* letter asking to withdraw his guilty plea. He claimed he was "forced" into taking the plea.[5] After considering the letter as a Motion to Withdraw his guilty plea and a thorough review of the record, this Court denied the motion.[6] It held that "Defendant's request to withdraw guilty plea amounts merely to a change of mind of Defendant and does not demonstrate that the plea was involuntary or that Defendant was otherwise mistaken about his legal rights."[7] Defendant was sentenced to life in prison without the possibility of parole the next day and did not appeal.[8]

5.     Defendant, *pro se*, filed his First Motion for Postconviction Relief in 1996. In it, he again claimed issues with his guilty plea. He also claimed he was denied access to transcripts of his first trial.[9] This Court denied his Motion as previously adjudicated as to the guilty plea and found his transcript arguments "completely conclusory."[10] The Delaware Supreme Court affirmed this Court's denial on appeal.[11]

---

[2] *Wonnum v. State*, 1997 WL 588855, at *1 (Del. Sep. 16, 1997) (ORDER).
[3] *Id.*
[4] *State v. Wonnum,* No. IN92-09-0496, 0497 at 15 (Del. Super. Aug. 9, 1993) (TRANSCRIPT) (hereinafter "Plea Transcr.").
[5] *State v. Wonnum*, Docket # 22, at 2 (Del. Super. Sep. 14, 1993) (ORDER).
[6] *Id.*
[7] *Id.* at 6. This Court's Order on his Motion to Withdraw discusses, at length, several passages from Defendant's plea colloquy where he had the opportunity to alert the court to any coercion or misunderstanding in regards to his plea. Additionally, a fresh review of the transcript reveals several instances where the Court requested clarification from trial counsel, or further answers from Defendant to confirm the voluntariness of his plea. Plea Transcr. at 5, 9.
[8] *Wonnum*, 1997 WL 588855, at *1.
[9] Def.'s First Mot. for Postconviction Relief, Docket #30 (Aug. 26, 1996).
[10] *State v. Wonnum*, Docket #34, (Del. Super. Feb. 26, 1997) (ORDER).
[11] *Wonnum*, 1997 WL 588855.

6.    Defendant has now filed a Second Motion for Postconviction Relief.[12] He again claims ineffective assistance of counsel relating to his guilty plea, now claiming he was "tricked" into taking it. Defendant's second ground requests counsel and claims that the absence of counsel during his first motion establishes its own ineffective assistance claim.[13] Defendant's request for counsel was **DENIED** in the April 24, 2013 Order of Briefing issued by the Court.[14]

7.    Under the Delaware Superior Court Rules of Criminal Procedure, a Motion for Postconviction Relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications.[15] A motion exceeds time limitations if it is filed more than one year after the conviction is finalized or they assert a newly recognized, retroactively applied right more than one year after it is first recognized.[16] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior postconviction proceeding."[17] Repetitive motions are only considered if it is "warranted in the interest of justice."[18] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedural default unless movant can show "cause for relief" and "prejudice from [the] violation."[19] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing" are barred.[20] Former adjudications are only reconsidered if "warranted in the interest of justice."[21]

---

[12] Defendant first filed his Second Motion for Postconviction Relief on March 20, 2013 and an Order of Briefing was issued. Or. of Briefing, Docket #43 (Apr. 24, 2013). Trial counsel submitted his affidavit, to which Defendant replied. Def.'s Reply to Aff., Docket #48 (July 31, 2013). Defendant then filed a Motion for Default, as the State failed to file their Response by the August deadline. Def.'s Mot. for Default, Docket #50 (Sep. 26, 2013). This Court denied that motion in a letter issued October 9, 2013 citing personnel changes at the Department of Justice, and extended the State's deadline to November 29, 2013. Ltr. dated Oct. 9, 2013 from the Court to Mr. Grubb and Mr. Wonnum, Docket #52 (Oct. 10, 2013). In that same letter, the Court further explained its denial of Defendant's request for counsel based on recently amended Rule 61, stating the new procedure only applies to first postconviction motions filed after the effective date of May 6, 2013. *Id.* Defendant also filed a subsequent Motion for Expansion of Record that was DENIED and a Motion for Expansion of Time that was GRANTED. Or., Docket #57 (Dec. 24, 2013); Order, Docket #59 (Jan. 13, 2014).

[13] Def.'s Mot. for Postconviction Relief. In his Reply and subsequent letters to the Court, Defendant alleges unconscionability, "manifest injustice, "collusion" by all parties (including the Defendant himself), and "intimidation" contributed to his guilty plea. Def.'s Reply at 2, 4, 10-13.

[14] Or. of Briefing, Docket #43 (Apr. 24, 2013).

[15] Super. Ct. Crim. R. 61(i).

[16] Super. Ct. Crim. R. 61(i)(1).

[17] Super. Ct. Crim. R. 61(i)(2).

[18] *Id.*

[19] Super. Ct. Crim. R. 61(i)(3).

[20] Super. Ct. Crim. R. 61(i)(4).

[21] *Id.*

8.      Before addressing the merits of this Second Motion for Postconviction Relief, the court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[22]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[23]

9.      Defendant's Motion is procedurally barred in several ways. First, Defendant's motion was filed more than one year after Defendant's conviction was finalized thirty days after his sentencing on September 15, 1993 and is therefore time-barred under Rule 61(i)(1).[24]  This motion was filed more than twenty years after sentencing and Defendant provides no evidence of a newly recognized, retroactively applied right.  Defendant originally appeared to argue he had a retroactively applied right to counsel based on *Martinez v. Ryan*,[25] however in his Reply he seems to have abandoned that argument.[26]  In any event, *Martinez* "did not create a new right such as to qualify as means of relief from the procedural bar of Rule 61(i)(1). Further, since *Martinez* did not establish a new constitutional right, it cannot be applied retroactively."[27]

10.     In addition, Defendant's claims as to ineffective assistance of counsel during his plea negotiations are procedurally barred as previously adjudicated.  This is the third time the Court has been asked to address the same circumstances surrounding Defendant's guilty plea.  The Court has addressed, and rejected, all of Defendant's arguments as to the plea in previous motions.  Simply altering the language from "forced" to "tricked" does not change the fact that Defendant's arguments have already been decided in this Court.[28]  Likewise, the cases Defendant points to of other defendants who have received, in his opinion, more beneficial plea agreements do not change the fact that the Court has found that Defendant "knowingly, voluntarily and intelligently" accepted his plea and found no compelling reason to revisit that decision in the past twenty years.[29]

---

[22] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[23] *Id.*
[24] Super. Ct. Crim. R. 61(m)(1) ("A judgment of conviction is final for the purpose of this rule …[i]f the defendant does not file a direct appeal, 30 days after the Superior Court imposes sentence").
[25] 132 S.Ct. 1309 (2012).
[26] Def.'s Reply at 4.  Instead, Defendant argues he relies on "the Delaware Constitution and the U.S. Constitution, and the *rationale* underlying *Martinez*."
[27] *State v. Travis*, 2013 WL 1196332, at *3 (Del. Super. Mar. 25, 2013), *aff'd sub nom.*, *Anderson v. State*, 69 A.3d 370 (Del. 2013) and *aff'd,* 69 A.3d 372 (Del. 2013).
[28] *Younger*, 580 A.2d 552, 556 ("Neither federal nor state courts are required to relitigate in postconviction proceedings those claims which have been previously resolved.")
[29] *Wonnum*, 1997 WL 588855, *State v. Wonnum*, Docket #34, (Del. Super. Feb. 26, 1997) (ORDER), *State v. Wonnum*, Docket # 22, at 2 (Del. Super. Sep. 14, 1993) (ORDER).

4

11. Even if the Court were to consider the "tricked" assertion as new, then it is barred as a repetitive motion under Rule 61(i)(2) and the requirements of Rule 61(b)(2). Defendant would have had knowledge of the ground when he filed his original postconviction motion and his failure to include it bars further consideration.

12. Defendant's second ground for postconviction relief claims ineffective assistance of counsel in that he had no counsel during his first postconviction proceeding.[30] This claim, assuming *arguendo* that it is not time-barred or previously adjudicated as part of his original ineffective assistance claims, is barred as a procedural default. If this ground is indeed new, Defendant fails to show "cause for relief" and "prejudice from [the] violation" other than bald assertions that he was denied an alleged litany of state and federal constitutional rights when the court denied him counsel. On the contrary, the Delaware Supreme Court has held that there is neither a federal nor a state constitutional right to counsel in a postconviction proceeding. The Supreme Court held in *Roten v. State*:

> Contrary to Roten's contention, *Martinez* does not hold that there is a federal constitutional right to counsel in first postconviction proceedings. Furthermore, Roten misreads this Court's decision in *Holmes v. State.* In *Holmes,* we held that the Superior Court abused its discretion in denying Holmes' motion for the appointment of counsel to assist him in his first postconviction proceeding. We remanded for the appointment of counsel under the Superior Court's new Criminal Rule 61(e), which allows for the appointment of counsel in first postconviction proceedings. The rule was adopted May 6, 2013 and is *not* retroactive. We did not hold in *Holmes* that a right to counsel in first postconviction proceedings exists as a matter of Delaware constitutional law.[31]

As such, Defendant's arguments fail to overcome the bar of Rule 61(i)(3).

13. This Court finds the "interests of justice"[32] do not require any of the above procedural bars to be reversed. The Delaware Supreme Court has explained:

> [T]he "interest of justice" exception provides two pathways to demonstrate that a claim is not procedurally barred. The exception

---

[30] Def.'s Mot. for Postconviction Relief at 2.
[31] 2013 WL 5808236, at *1 (Del. Oct. 28, 2013) (ORDER).
[32] Super. Ct. Crim. R. 61(i)(2)&(4).

5

applies when (1) "the previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed," or (2) there is an "equitable concern of preventing injustice."[12] But the interest of justice exception is narrow and will only be applied in limited circumstances.[33]

Defendant claims that "[u]ntil an attorney has briefed and professionally presented all of the Defendant's substantial claims of consequential violations the interest of justice has not been served."[34] Defendant is incorrect. As discussed above, there is no absolute right to counsel in a postconviction proceeding. "Justice does not require that an issue that has been previously considered and rejected be revisited simply because the claim is refined or restated."[35] His substantial claims have been addressed by this Court and Defendant provides no new evidence that warrants a reversal of the procedural bars.

14. Defendant also asserts that he must overcome the procedural bars of Rule 61 because he has "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[36] "This exception to the procedural bars is very narrow and is only applicable in very limited circumstances."[37] However, "[a] claim of ineffective counsel in violation of the Sixth Amendment to the United States Constitution, by its very nature, qualifies as just such an exception."[38] This Court finds that Defendant has failed to show that he has "a colorable claim." Instead, Defendant relies on cases that either do not create a new right to overcome the bar[39] or bare assertions about his rights under "the constitutional guarantee of equal protection of the laws under the Federal Constitution and due process of law under both the Federal and Delaware Constitutions."[40] Defendant argues again for a *Martinez*-like decision, contending that "[t]he Defendant does not purport retro-application, however, it would be unfair to not give retrospective

---

[33] *Lindsey v. State*, 2014 WL 2178453, at *3 (Del. May 27, 2014) (quoting *Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000).

[34] Def.'s Reply at 7.

[35] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990) *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719 (1992).

[36] Super. Ct. Crim. R. 61(i)(5).

[37] *State v. Wilmer*, 2003 WL 751181 (Del. Super. Feb. 28, 2003), *aff'd*, 827 A.2d 30 (Del. 2003).

[38] *Id.*

[39] *See* discussion of *Martinez, supra. See also Shockley v. State*, 2013 WL 167005, at *2 (Del. Jan. 15, 2013) (rejecting the argument that *Lafler v. Cooper* and *Missouri v. Frye* create a "new rule of law").

[40] Def.'s Reply at 1-2.

consideration."[41] The Court finds these arguments unpersuasive to apply the "very narrow" exception of Rule 61(i)(5). However, even a review of Defendant's claims on the merits shows that they must fail.

15.    To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate first that counsel's performance was deficient. To prove counsel's deficiency, a Defendant must show that counsel's representation fell below an objective standard of reasonableness.[42] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[43] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[44] Secondly, a Defendant must demonstrate that the deficiencies prejudiced the Defendant by depriving him or her of a fair trial with reliable results. A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[45]

16.    Defendant is mistaken when he argues that "[t]here is nothing in the record to support a claim that counsel was adequate" to support his own claim. The burden is on him, the Defendant, to overcome the strong presumption that trial counsel's representation was reasonable. Defendant offers no evidence to support his claim other than his feelings as to the inadequacy of his plea.[46]

17.    It is clear from Defendant's filings to the Court that he regrets accepting his plea. However that regret and dissatisfaction with the result does not negate the fact that he was thoroughly informed and agreed to the consequences of the plea. Defendant now claims that he was "tricked," however a review of earlier papers reveals that he was aware of the consequences of the plea, and agreed to it on the advice of trial counsel that it may benefit an attempt at a pardon.[47] "In the absence of clear and convincing evidence to the contrary, [Defendant] must be bound by what he said at the time of his plea."[48] Defendant

---

[41] Def.'s Reply at 8.
[42] *Strickland*, 466 U.S. at 688.
[43] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[44] *Strickland*, 466 U.S. at 689.
[45] *Id.* at 694.
[46] "Under what definition of the word benefit would a plea to life (death in prison) sentence in exchange for vacating a conviction on a weapons charge (a knife) fall? This is a classic case of *Anti-Affluenza*." Def.'s Reply at 8.
[47] *State v. Wonnum*, Docket # 22, at 2 (Del. Super. Sep. 14, 1993) (ORDER).
[48] *Fullman v. State*, 560 A.2d 490 (Del.1989) (citing *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984)).

fails to provide any support that his trial counsel acted unreasonably during the plea process. His arguments are the embodiment of "mere allegations of ineffectiveness" and therefore fail the first prong of *Strickland*.

18. Since the Defendant fails the first part of the *Strickland* test, this Court need not go further. However, in light of the circumstances the Court chooses to address the second prong for the sake of completeness. Defendant states "[t]he record supports a valid claim that the Defendant would have proceeded with a second trial had counsel not tricked and lied to Defendant and his family. The Defendant had absolutely nothing to lose by a second trial, and everything to gain[.]"[49] Defendant offers nothing in the record to actually back up this assertion, other than comments that his plea was "absurd."[50] It is quite possible that Defendant may have chosen to take the plea absent counsel's advice, given the previous eleven to one result. Defendant offers nothing from the record, other than blanket statements, to refute that argument to a reasonable probability. Defendant's assertions to what he believes would or would not happen are simply not enough to establish prejudice under *Strickland*.

19. Defendant's second ground for postconviction relief consists solely of bald assertions regarding to his lack of counsel during his first motion. His arguments on this ground appear to be inextricably intertwined with his arguments to overcome the procedural bars of Rule 61, which are addressed above.

Therefore, Defendant's Second Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:  Prothonotary
cc:  Investigative Services

---

[49] Def.'s Reply at 8.
[50] Def.'s Reply at 2.